UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARACE ANOBONG WOLF,

    Plaintiff,

v.                                              Case No. 19-C-523

DARRELL H. WOLF,

    Defendant.

**ORDER**

*Pro se* Plaintiff Charace Anobong Wolf has filed an action in this Court. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence and upon review it appears that plaintiff could not pay the $350 filing fee.

District courts also have the authority to screen complaints prior to service on a defendant. 28 U.S.C. § 1915(e)(2)(B). Plaintiff, a native of the Phillippines, is apparently married to the

Defendant. Plaintiff alleges that the defendant refuses to honor a federal I-864 "Affidavit of Support" form that is used to show that an immigrant has a means of financial support. The I-864 form is a binding contract between the sponsor and the U.S. Government. It also binds a sponsor to provide the promised financial support to the immigrant, and an immigrant may sue the sponsor if he does not fulfill those obligations. *Wenfang Liu v. Mund,* 748 F. Supp. 2d 958, 962 (W.D.Wis. 2010) ("While a form I–864 affidavit is a contract between the sponsor and the United States Government, the sponsored immigrant may bring a lawsuit to enforce it as the named, third-party beneficiary.").

Five circumstances terminate a sponsor's support obligations under the statute and defendant's affidavit: "(1) the sponsor dies; (2) the sponsored immigrant dies; (3) the sponsored immigrant becomes a United States citizen; (4) the sponsored immigrant departs the United States permanently; or (5) the sponsored immigrant is credited with 40 qualifying quarters of work." *Skorychenko v. Tompkins*, No. 08-cv-626-bbc, 2009 WL 3126379, *2 (W.D. Wis. Sept. 28, 2009) (citing 8 U.S.C. § 1183a). According to the complaint, none of these events has occurred. Although I cannot say at this stage that the Plaintiff is entitled to all the relief she seeks, it appears that she at least states a claim for recovery. Accordingly, the complaint will be allowed to proceed. *See also Carlborg v. Tompkins*, No. 10-cv-187-bbc, 2010 WL 4553558 (W.D. Wis. Nov. 3, 2010).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant. Plaintiff is advised that Congress requires the U.S. Marshals Service to

charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service package is $8 per item. The full fee schedule is provided in the Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

Plaintiff must provide Defendant or their counsel with copies of all future motions or papers filed by the Plaintiff in this action.

**SO ORDERED** this   12th   day of April, 2019.

     s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court